# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VALLEY BOYS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 8:14CV3148 |
| ALLSTATE INSURANCE COMPANY, | ) ) ) | ORDER |
| Defendant. | ) ) ) | |

This matter is before the court on the Motion for Leave to File Amended Complaint (Filing No. 62) filed by the plaintiff, Valley Boys Inc. ("Valley Boys"). The court will deny the motion.

Valley Boys filed the present action against Allstate Insurance Company ("Allstate") for breach of contract and bad faith arising out of Allstate's alleged failure to pay the full amount of loss sustained by several of Allstate's insureds after a hailstorm on April 9, 2013. (Filing No. 1-1 at pp. 6-7). Valley Boys alleges it was assigned twenty-seven claims of Allstate insureds under their policies with Allstate. (Filing No. 1-1 at pp. 6-7, 20). The complaint alleges Allstate owes its insureds, and Valley Boys as assignee, an additional $569,065.14 for various services and repairs Valley Boys provided to Allstate's insureds. (Filing No. 1-1 at pp. 7-20). Valley Boys seeks leave to amend its complaint to add two additional claims assigned to it by Allstate insureds ("the Brunken and Sather claims"). (Filing No. 62).

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). When a party seeks leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure outside of the time period

established by a scheduling order, the party must first demonstrate good cause under Rule 16(b). See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii*, 512 F.3d at 497.

The scheduling order in this case provided February 27, 2015, as the deadline to amend pleadings. (Filing No. 28 at p. 1). Valley Boys filed the present motion to amend on March 28, 2016, more than a year after the deadline. Valley Boys argues it did not have standing to bring the Brunken and Sather claims prior to the amendment deadline because both claims were assigned to it subsequent to the amendment deadline. (Filing No. 70 at p. 2). Although it appears both assignments did occur subsequent to the amendment deadline, the Sather claim was assigned to Valley Boys on June 17, 2015, nearly nine months before Valley Boys filed of the present motion. The Brunken claim was assigned to Valley Boys on January 11, 2016. (Filing No. 62-1 at pp. 51-52). According to the complaint, each assigned claim arises out Allstate's alleged failure to pay the full amount of loss sustained by its insureds after a hailstorm on April 9, 2013. Valley Boys does not explain the protracted delay in obtaining the Brunken and Sather claim assignments, nor does Valley Boys explain why it did not seek to amend the complaint nine months ago after obtaining the Sather claim assignment.

Moreover, permitting Valley Boys to amend its complaint at this time to add additional claims would impair Allstate's ability to conduct adequate discovery. Following several extensions of time, the most recent progression order provides that written discovery shall close June 30, 2016, and fact depositions by July 29, 2016. (Filing

2

No. 58). Adding additional claims at this time would result in additional discovery and likely delay the proceedings. See *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend.").

Finally, it is unclear which amended pleading Valley Boys seeks to file. This court's local rules provides that a party "must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). Valley Boys attached an "Amended Complaint and Demand for Jury Trial" to its motion to amend. (Filing No. 62-1). However, prior to filing the instant motion, counsel for Valley Boys conferred with opposing counsel regarding a "Second Amended Complaint and Demand for Jury Trial," which differs substantially from the proposed amended complaint attached to the motion. (Filing No. 69-1). Valley Boys' brief in support of its motion also refers to a proposed Second Amended Complaint. (Filing No. 70 at pp. 4-5). Having fully considered the matter, the Court concludes that Valley Boys' motion for leave to file an amended complaint should be denied. Accordingly,

**IT IS ORDERED:** Plaintiff's Motion for Leave to File Amended Complaint (Filing No. 62) is denied.

**DATED:** June 14, 2016.

                                          **BY THE COURT:**

                                          s/ F.A. Gossett
                                          **United States Magistrate Judge**